Good morning, others. Good morning. And may it please the Court, I am the Attorney for Appellant Cesar Caballero. Your Honor, the issue before this Court is whether Mr. Caballero was entitled to an instruction on whether or not he was released under the Bail Reform Act. And the government does not dispute that that instruction was not provided. The second issue is whether he was released under the Bail Reform Act as a matter of law. The government has cited Burr, in which the case wanted to reach the Ninth Circuit, found that in a situation where there was no formal written order, and the Court acknowledged the order was unnecessarily informal, in that he was released under the Bail Reform Act. Elsa, is there any other basis for release other than the Bail Reform Act? No, there is not, Your Honor. And finally, can we just infer that any release is under the Bail Reform Act? Yes, I cannot find interest, basically, because someone is simply released under no conditions, with no formal or written order. They are necessarily released under the Bail Reform Act. And the Bail Reform Act provides specific conditions as to what that release looks like, and the express terms of the statute require that the person be released under the Bail Reform Act. Well, what case are you relying on for that argument? I was referring to the language of the statute itself. The Bail Reform Act is true. The third case is fortunate. No, there isn't. There's a second case that I cited, the Bonhoeffer case. The Bonhoeffer, the defendant was never in custody. Here, this defendant clearly was in custody. He was never in custody. He was never in custody, Your Honor. He was not in custody at the time that he was arraigned and released on his own recognizance. Well, he was in custody for the arraignment, was he not? No, he disappeared at the arraignment. He was never in custody. He answered that someone said he was never actually in custody. He was never taken into custody. That's my understanding of the record. And the government concluded that that's not incorrect. My understanding was that he appeared for the court appearance and was never in custody. And I would reserve two minutes for rebuttal. You're like, ever arrested? Ever arrested. No, it was a notice to appear, Your Honor. Yes, and he appeared and was never actually in custody. The issue for the court is, and I would encourage this panel to clearly hold it, when someone appears under those circumstances, at the very least under the Bill of Reform Act, the court should, at the very least, issue a clearly formal order to express terms of this statute requiring that there be a written order indicating what the terms of the lease are. So is your argument that because there was no explicit reference to the Bill of Reform Act, your client did not know that it would be a crime if he failed to appear? No, that is not my argument, Your Honor. My argument is that he was not released under the Bill of Reform Act. This was a question for the jury. The jury should have been permitted to determine whether or not he was released. And the defense should have been able to put on evidence as to whether or not he was released pursuant to the Bill of Reform Act. Well, was there any other conceivable basis upon which he could be released? No, I don't believe. So is this kind of a move? No, I don't believe ever. Did the court have discretion to either release the person on his own account pursuant to a bond or detain him, correct? But just because the court tells someone who appears on a notice to appear if they're released on, Your Honor, common sense and use co-incident failure to appear, that doesn't imply necessarily that the person is released pursuant to the Bill of Reform Act. But if the charge is done to appear, what's the import of whether or not the individual was released under the Bill of Reform Act?  The statute expressly requires, and this Court has held that it's an element in a waiver, expressly requires that the penalties for failure to surrender should only apply when someone is released under the Bill of Reform Act. It's an element of the statute. I would just note that I think there is a distinguishable, even if they have held disturbance, I would encourage the court to deviate from the terms of the statute because I think that it's necessary that a person be clearly released pursuant to the Bill of Reform Act, pursuant to the written conditions of release, which is what the Act requires. And I also think that it's distinguishable and that it's not clear here a situation to be able to determine whether he was, that one was stayed in a unit during the arraignment was sufficient to make him released and subject to conditions. Also, why is it, if we agree, that it was errored not to include, that the release was not in the Bill of Reform Act, why wasn't the DPD error harmless? Because this jury was not provided, well, it just wasn't allowed to present evidence as to the transcript of the hearing of the December 23rd. It was not allowed to provide the statute, the Bill of Reform Act, anything about the Bill of Reform Act. What would have been your argument? That he was not released pursuant to, and I didn't handle the trial, the defense would have argued that he was not released pursuant to the Bill of Reform Act because there was no written order and there was no clear formal order that he was released subject to conditions. In trial counsel, the proposed instruction, to that effect, the counsel did, and asked that that element be expressly included in the lawful jury instruction. But the court said it was not an element, right, because the trial court said that release pursuant to the Bill of Reform Act is not an element of the statute of corrections. Furthermore, that he was released under the Bill of Reform Act was not a reform. So counsel, what is the case that you cited to us, a proposition that an element of the offense, an element to surrender, is released under the Bill of Reform Act, what case is that? There's no fine-serving case, but counsel did bother forward to it. It was very similar to this case. But there's no fine-serving case that would have been revealed. Does your court think you did instruction? No, there is no fine-serving case. The court actually expressly stated that there was no case on the lawful jury instructions did not include that. That's correct, Your Honor. And I would submit, at this point, I would like to reserve a couple minutes for rebuttals if there's no other questions. All right, counsel. Would you like to go ahead? May it please the Court, my name is Roseanne Rust, and I represent the respondent of the United States. Counsel, the preliminary question you said is a 28-J letter in which you cite United States v. Burns, but you already recited it and recited it in your brief. Yes, Your Honor, we recited it and we submitted a 28-J letter to make clear that we were also relying on it for the proposition that a district court support a release of a defendant on summons complied with the statute and that a release under the Bail Reform Act was found in that case. We recited it for another proposition, so we simply wanted to be clear for the court that we were also relying on it after the reply brief for that proposition. All right. The 9th Circuit's model jury instruction for failure to surrender that was used at the defendant's trial lists all of the necessary elements to sustain a conviction under 18th United States Code, section 3146A.2. In federal court, a defendant who was convicted by another sentence is necessarily released under the Bail Reform Act as a matter of law because this issue of release in a failure to surrender context raises a pure legal question where the answer is consistent. There is no reason to have an element on this topic. Counsel, what case most strongly supports your argument that a defendant who's released in federal court isn't necessarily released under the Bail Reform Act? What case is that? This is actually an issue of first impression, Your Honor. So there is no direct opinion on point, but I think it's instructive to look at Burns and then also to look at this United States v. McGill case. In McGill, we're talking about a failure to appear case, which is a distinguishable context from a failure to surrender case. In there, the court knows that in a failure to appear context, you can have a potential question that is mixed law and fact. So the court posits two potential scenarios where there would be an issue to submit this question to the jury. One, perhaps, it is that the defendant escapes from his hearing, and so maybe now he's released. The second one is that it's someone else who's released, and those factual scenarios are not possible here. We're not dealing with anything other than a pure legal question in the context of failure to surrender. To be consistent, should we hold it while it may be a question of law that it is an element? No, Your Honor. The reason that we have elements is if there is a factual dispute to submit to the fact finder, and here we have a pure legal question that is always answered consistently, there's nothing gauged by having an element added to the jury instruction. So your argument is that in no case under A2 would there be a situation in which it could be a mixed question of fact and law? Correct, Your Honor. For example, if we go back to McGill, this is how I try and conceptualize the two hypotheticals presented. You have a defendant who has received a summons or has been asked to voluntarily appear. It's his first appearance on a criminal charge. He shows up, he's in the gallery, he's waiting for his matter to be called. He clearly knows that he is subject to a pending criminal offense, but before his matter is called, he escapes. He decides that he's going to leave the courtroom. He's not going to face his criminal charge, and so there... Was he ever in custody? No, and that's the point. That's why in the A1 context, you could think of a realistic hypothetical situation where a defendant was never taken into custody. He never actually appeared before the magistrate judge and was either detained or released. Was this defendant ever in custody? He was ever arrested? I disagree with that, Your Honor. He was never arrested, but he was issued a notice to appear or a summons, and if we even look at Bonneford in the Fifth Circuit, which opposing counsel relies on, Bonneford notes in a footnote that a summons effectuates custody over the defendant who appears on the summons. Is there a 9th Circuit case that says that? I think this court... I think Bonneford actually cites to Burns for that proposition, and if you look at Burns, that's what happened. The defendant showed up on summons, and at the initial appearance, the defendant was simply told, you're released on summons. But technically, was he in custody at that point? At what point, Your Honor? When he actually said... At whatever point you're suggesting, you're saying that the issuance of a summons isn't enough to establish custody. And here, the question is, whether the issuance of a notice to appear was enough. Your Honor, let me back up. If you appear on a summons, and you show up, and you have your first initial appearance, and you get all the way through that initial appearance, and you are allowed to leave the courtroom, you are released. At what point is the individual in custody, though, before we get to the release? From your perspective, at what point is the individual in custody? From the initial appearance, when the defendant first appears, and his matter is called, and he's sitting next to counsel. At that point, he is taken into the court's jurisdiction. You're avoiding the question of jurisdiction. Jurisdiction is important in this issue. I understand, Your Honor. So, where... At what point was the defendant in custody in this context? He was in custody when he appeared at his first appearance on summons, and that hearing began. Well, did he have a summons, or was there a notice to appear? It's a notice to appear, Your Honor, but to me, that's tantamount to a summons. He was told to. But when the notice to appear was issued and received, he was not in custody at that point? Correct, Your Honor. He did have a notice to appear in front of the magistrate, but because he had not actually shown up and had an initial appearance, he was not in custody such that the magistrate judge could have actually released him. So, if he has not inquired to come into court in the day to appear, Joshua did not have leave to stay? You're correct. And that's why, in an K-1 context, this element has value. There is a potential hypothetical, factual situation that warrants its inclusion. Which element has value? The element of release from custody in an K-1 context. That's what we're discussing today, and that element does not appear in the Ninth Circuit Model Jury Instruction Form 82 offense. Now, with respect to the Model Jury Instructions, should we, to avoid this kind of situation in the future, suggest that it be amended to recite that the court must make a determination as to whether or not the bail reform act applies? I don't think that that clarification, if that's what you would like to call it, is necessary, Your Honor. I think it's clear that the bail reform act provides the only mechanism for that. I mean, do you think we should clarify that? And if we were to agree with you that the only means of release is the bail reform act, so any individual who's released on a federal charge who's necessarily released under the bail reform act doesn't matter at all? Yes, Your Honor, that would be helpful to individuals moving forward in the 82 context. But without adjusting the jury instruction, the model instruction? Correct. Even as the Ninth Circuit Model Jury Instructions should have included this element as an offense, failure to instruct on it constitutes harmless error. It's either harmless error because the issues that are raised by a defendant, whether or what the authority was under which he was released and whether statutory procedures were followed are primary questions of law, or this Court could conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error. As to the first argument, we go back to the United States v. McHale case, and it notes that those two issues are primary questions of law, under what authority a defendant was released and whether or not statutory procedures were complied with. And here at trial, judgment has noted that the government indicated that the lower court didn't place or didn't release the defendant under the Bail Reform Act. Judgment has also noted that the Bail Reform Act was the only mechanism by which any judge could have released the defendant. Although he made those statements outside the presence of the jury, there's no reason to think that he would have instructed them any differently if this had been included as part of the offense instruction. Alternatively, the review of the entire record supports the finding that this element would have been satisfied beyond a reasonable doubt. At trial, the prosecution asked its first witness, a United States Marshal, was the defendant released or detained after his June 29, 2015 hearing? The Marshal answered he was released specifically on his own recognizance. And twice in 2012, the defendant admitted when he submitted his exhibits, both K and N, that the Bail Reform Act tacitly applied to him. He would not have continually sought court approval to extend his original self-surrender date unless the law required him to do so, and the only law that could have required that was the Bail Reform Act. And acknowledging this, he cites Tupin Argy's letter to the Bail Reform Act the second time he asked to have his original self-surrender date extended. If there are no further questions, with the reasons stated today and those of the United States briefed, we respectfully request that this court affirms the defendant's conviction. Thank you. Thank you, Counsel. Your Honor, it is a question of fact as to whether or not a defendant was released under the Bail Reform Act. Section 3118 U.S.C. 3142 provides, subject to be, that when a release occurs from a cognizance or unsecured appearance bond, the judicial officer shall order to pre-term release of the person on personal cognizance or subject to a bond that specifies the conditions that it has to be abided by. It was a factual issue for this jury as to whether Mr. Caballero was released under the Bail Reform Act. There was no evidence presented as to what the requirements of the Bail Reform Act are. There was no evidence as to what Mr. Caballero was supposed to have told at the initial hearing when he appeared on a notice to appear. I did verify he appeared on a notice to appear. He was never taken into custody. This offense was not before the jury. The jury was not permitted to determine whether or not he was released under the Bail Reform Act. And when a court simply releases someone and doesn't comply with the conditions of the Bail Reform Act, it is Mr. Caballero's condition that that person is not released under the Bail Reform Act. Otherwise, those conditions are painless. So the jury should have been permitted to assess the defense. Should have been permitted to provide evidence as to whether or not the requirements of the Bail Reform Act in the circumstances where someone is released under other cognizance or complied with. What's your response to the argument of the government that someone's born notice to appear equals custody? I... I don't see how that's custody. He was absent. There were no conditions. He was not given info. The condition was notice to appear, and if you don't appear, you're subject to prosecution. Yes, he was not taken into custody. He was not arrested. He was not taken into custody. I don't believe that complies with the definition of what it means to be in custody. He appeared voluntarily in court. Well, how was he released then if he was never in custody? Well, why was it necessary to release him if he was not in custody? An issue as to whether or not... Did you answer that question? Yes, that's what I'm trying to answer, Your Honor. The court did release him. However, the court did not comply with the requirements of the Bail Reform Act. Well, why would it be necessary to release him if he were never in custody? We're not contending that he was not released, Your Honor. We're contending that he was released in a manner that wasn't compliant with the Bail Reform Act, and he wasn't formally taken into custody. He voluntarily appeared. The issue was before the court as to whether or not he should be detained or whether he should be released. That issue was before the court. The court did not comply with the requirements of the Bail Reform Act as used by... I don't know what you would call it, Your Honor, in a sense, a form of release that is not as defined under the statute and that the statute expressly requires... The statute that he was convicted of expressly requires that he be released under the Bail Reform Act. All right, thank you, Your Honor. Thank you to both counsel. The case is argued. It's been put before the court. That concludes our calendar for the morning. We are going to recess until 9 a.m. tomorrow morning. Thank you, Your Honor.
judges: O'scannlain, Rawlinson, Ezra